**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| TANISHA SOLOMON individually and obo her four minor children, DS, SS, KQ, and KS )<br><br>Plaintiff )<br><br>v. )<br><br>DETECTIVE THOMAS MURPHY, UNKNOWN )<br>OFFICERS, MIKE BUSSIERE, Lewiston Chief of )<br>Police, and CITY OF LEWISTON )<br><br>Defendants ) | **Docket No.** |

TANISHA SOLOMON individually and obo her )
four minor children, DS, SS, KQ, and KS )
)
     Plaintiff )
)
v. )
)
)   **Docket No.**
DETECTIVE THOMAS MURPHY, UNKNOWN )
OFFICERS, MIKE BUSSIERE, Lewiston Chief of )
Police, and CITY OF LEWISTON )
)
)
     Defendants )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff in the above-entitled matter and states as follows:

## Nature of Action

This is a 4th Amendment case arising out of an incident on July 4, 2016 in which

Detective Murphy and other Lewiston Police Department officers, whose identities are presently

unknown, entered Ms. Solomon's home by force and without a warrant and interrupted a

birthday party for Ms. Solomon's 5 year old girl, DS.  The Defendant Officers searched the

apartment, then ripped Ms. Solomon out of the apartment, while her children screamed in fear.

Detective Murphy then placed Ms. Solomon in handcuffs, dragged her down two flights of stairs,

smashed her face into a wall, threatened her and then interrogated her at Lewiston Police

Department headquarters, all without declaring her to be under arrest or charging her with a

crime.

1

## Parties

1. Plaintiff Tanisha Solomon ("Solomon") was a resident of Lewiston at all relevant times and is presently a resident of Portland, Maine.

2. DS, is Ms. Solomon's daughter, present to witness the Defendants' civil rights violations, who was 5 on July 4, 2016.

3. SS is Ms. Solomon's daughter, present to witness the Defendants' civil rights violations, who was 6 on July 4, 2016.

4. KQ is Ms. Solomon's son, present to witness the Defendants' civil rights violations, who was 9 on July 4, 2016.

5. KS is Ms. Solomon's son, present to witness the Defendants' civil rights violations, who was 13 on July 4, 2016.

6. Defendant Thomas Murphy was a detective with the Lewiston Police Department on July 4, 2016.

7. Defendants Unknown Officers were all police officers employed by the Lewiston Police Department on July 4, 2016.

8. Defendant City of Lewiston, Maine is a municipal corporation in the State of Maine.

9. Defendant Mike Bussier ("Bussiere") was the acting Chief of Police of the City of Lewiston, during all relevant times.

## Subject Matter Jurisdiction

10. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

11. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

12. This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

13. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is domiciled in the State of Maine.

## Venue

14. Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the southern half of the State of Maine.

## Common Nucleus of Operative Fact

15. On July 4, 2016, Plaintiff, Ms. Solomon spent most of the day getting ready for her daughter's birthday party. DS was turning five years old.

16. Ms. Solomon resided at 308 Bates Street, Apartment 3A, Lewiston, Maine.

17. The party was to begin at approximately 1:00.

18. Other attendees of the party were three of Ms. Solomon's other children, a 6 year old, a 9 year old and a 13 year old, DS's father, Kenny Simpson, and DS's paternal grandmother, Linda Thomas.

19. As Mr. Simpson came into the apartment with his mother, Linda Thomas, several Lewiston police officers brushed past him and began walking through and searching the apartment.

20. Ms. Solomon was later informed that they were looking for her eldest son, Kamari Solomon, whom they believed may have committed a crime.

21. Kamari did not live with Ms. Solomon on July 4, 2016.

22. Kamari had not been at 308 Bates Street on July 4, 2016.

23. Defendants were not in hot pursuit of Kamari Solomon when they forced their way into Ms. Solomon's apartment.

24. When Defendants first forced their way into her apartment, Ms. Solomon was in the living room, showing DS a pair of new, birthday earrings.

25. Ms. Solomon and Mr. Simpson repeatedly told the officers that they were not welcome in the house and they needed to leave if they did not have a warrant.

26. One of the children, the 13 year-old KS, backed up against the wall with a look of terror on his face, thrusting his little hands in the air.

27. At no time did the officers display a warrant, nor did they respond at all to Ms. Solomon's and Mr. Simpson's orders to leave the premises.

28. Several minutes after the officers entered the apartment, they exited the apartment.

29. Approximately a minute later, several more officers, led by Defendant Thomas Murphy appeared at the door.

30. These officers knocked and when the door was opened, Defendant Murphy wedged his foot in front of the door, allowing the officers to enter the apartment and preventing Ms. Solomon or Mr. Solomon from closing it.

31. Detective Murphy then grabbed Ms. Solomon, shoved her out of the apartment and handcuffed her.

32. Pandemonium ensued in the apartment as the children screamed and fell to the floor in upset.

33. Defendant Murphy then dragged Ms. Solomon down two flights of stairs.

34. When Defendant Murphy reached the lobby area, he proceeded to shove Ms. Solomon's face against a wall.

35. He then threatened Ms. Solomon, "listen, you fucking bitch, I am *not* the one to mess with!"

36. Defendant Murphy handled Ms. Solomon so roughly, including the gratuitous shove against the wall, that she visited Central Maine Medical Center later that day for the abrasion on her head and for pain in her wrist caused by the handcuffs.

37. Defendant Murphy place Ms. Solomon in a police cruiser and took her to the Lewiston Police Station.

38. Defendant Murphy then interrogated Ms. Solomon about her eldest son, whom Defendant Murphy claimed had been involved in the commission of a crime.

39. Finally, Defendant Murphy drove Ms. Solomon back to her residence

40. Before releasing her from custody, Defendant Murphy said, "we're cool, right?  I owe you one."

41. Defendant Murphy did not arrest Ms. Solomon on July 4, 2016.

42. Ms. Solomon was not arrested on July 4, 2016.

43. Defendant Murphy did not charge Ms. Solomon with a crime on July 4, 2016.

44. Ms. Solomon was not charged with a crime on July 4, 2016.

45. Defendant Murphy and the other Defendants did not have probable cause to arrest Ms. Solomon on July 4, 2016 for any crime.

46. Defendant Murphy and the other Defendants did not have a search or arrest warrant on July 4, 2016 which authorized them to enter Ms. Solomon's home for any reason.

47. Defendant Murphy and the other Defendants were not in hot pursuit of a fleeing felon on July 4, 2016 when they forced entry into Ms. Solomon's home.

48. Defendant Murphy and the other Defendants did not have any justification for forcing entry into Ms. Solomon's home without a warrant.

49. At no time on July 4, 2016 did Ms. Solomon or anyone acting on her behalf consent to or authorize the Defendants to enter her home.

50. Ms. Solomon demands a trial by jury.

## Count I: 42 U.S.C. §1983 Violation v. Officer Defendant Thomas Murphy and Defendant Unknown Officers

51. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

52. As indicated above, Defendants Murphy and Unknown Officers, under color of state law, subjected Ms. Solomon to a deprivation of her constitutional rights, specifically her clearly established rights to (1) be free from unreasonable, warrantless searches and seizures, (2) bodily integrity, (3) be free of the use of unreasonable force (4) substantive and procedural due process, and (5) be free from arrest except upon a finding of probable cause that she had committed a crime, protected by the United States Constitution and State and Federal Law.

53. Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Ms. Solomon.

WHEREFORE, Ms. Solomon requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Solomon punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count II: 42 U.S.C. §1983 Supervisory Violation v. Defendant Bussiere

54. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

55. Upon information and belief, Defendant Bussiere was present on July 4, 2016 at 308 Bates Street and witnessed the events chronicled above.

56. Upon information and belief, Defendant Bussiere took no steps to protect Ms. Solomon's constitutional rights from being violated by Defendant Murphy and others.

57. Upon information and belief, Defendant Murphy has been involved in numerous situations that have led to complaints being lodged about his excessive use of force and/or inappropriate and/or unlawful or unconstitutional conduct.

58. Upon information and belief, Defendant Murphy has been disciplined or should have been disciplined numerous times for his excessive use of force and/or inappropriate conduct.

59. Upon information and belief, Defendant Bussiere knew or should have known that Defendant Mupphy had a reputation for violent and/or inappropriate/unlawful conduct.

60. Upon information and belief, Defendant Bussiere did not take reasonable steps to supervise or discipline Defendant Murphy or to minimize the risk of harm that Defendant Muprhy presented to the public.

**61.** Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendant Murphy, if not properly disciplined and supervised, would cause harm to the public.

62. Defendant Bussiere's conduct or inaction in supervising and/or disciplining the Defendant Murphy amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Ms. Solomon.

63. On information and belief, Defendant Bussiere also failed to promulgate appropriate policies regarding warrantless entries into residences.

64. On information and belief, Defendant Bussiere failed to properly train Officer Murphy and others with regard to the appropriate use of force.

65. An affirmative link exists between the street level constitutional violations perpetrated by Defendant Murphy and Defendant Bussiere's failure to a) properly supervise and/or discipline Officer Murphy and/or b) promulgate appropriate policies regarding warrantless entries into homes, and the use of force and c) train his officers, including Officer Murphy, on warrantless entries and the appropriate use of force.

66. Defendant Bussiere's actions displayed a reckless or callous disregard of, or indifference to, the rights of Ms. Solomon.

WHEREFORE, Plaintiff Ms. Solomon requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Solomon punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count III: 42 U.S.C. §1983 Municipal Violation v. City of Lewiston

67. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

68. The customs or policies of the City of Lewiston comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.

8

69. At all relevant times, Defendant Bussiere was acting Chief of Police of the Lewiston Police Department.

70. At all relevant times Defendant Bussiere was a policymaker within the City of Lewiston hierarchy.

71. At all relevant times, on information and belief, Defendant Bussiere, as a policymaker for the City of Lewiston, adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of Defendant Murphy.

72. At all relevant times, on information and belief, Defendant Bussiere, as a policymaker for the City of Lewiston, adopted a custom or policy of permitting his officers to make unjustified warrantless entries into homes.

73. This *laissez faire* approach to the use of unjustified warrantless entries  and the use of force by his officers amounts to an unconstitutional custom or policy.

74. It was or should have been eminently foreseeable to Defendant Bussiere that allowing his officers to make unjustified warrantless entries into homes and to use force under circumstances which did not require that level of force and to conduct unreasonable searches would inevitably result in the violation of citizens' civil rights, as happened in the instant case.

75. Defendant City of Lewiston's actions displayed a reckless or callous disregard of, or indifference to, the rights of Ms. Solomon.

WHEREFORE, Plaintiff. Ms. Solomon's requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Solomon attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count IV: Assault v. Defendant Murphy

76. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

77. The actions taken by Defendant Murphy on July 4, 2016 comprise an unreasonable use of force against Ms. Solomon, an unjustified assault.

78. The assaultive behavior was taken in bad faith.

79. The assaultive behavior was malicious or impliedly malicious.

WHEREFORE, Plaintiff Ms. Solomon requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Solomon punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count V: Unlawful Arrest v. Defendant Officers

80. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

81. The actions taken by Defendant Murphy and Unknown Officers on July 4, 2016 comprise an arrest without probable cause.

82. The actions taken by Defendant Murphy and Unknown Officers on July 4, 2016 comprise an arrest without probable cause.

83. The arrest was made in bad faith.

84. The unlawful arrest was malicious or impliedly malicious.

WHEREFORE, Plaintiff Ms. Solomon requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Mr. punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count VI: False Imprisonment v. Defendant Officers

85. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

86. The actions taken by Defendant Murphy and Unknown Officers on July 4, 2016 comprise the tort of false imprisonment.

87. Ms. Solomon's liberty was taken when Defendant Murphy and others handcuffed her and transported her from her home to the Lewiston police station without her consent or agreement.

88. The actions taken by Defendant Murphy and Unknown Officers on July 4, 2016 were taken in bad faith.

89. The false imprisonment was malicious or impliedly malicious.

WHEREFORE, Plaintiff Ms. Solomon requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Solomon punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.


Dated: 08/18/2016                                          /s/ Michael J. Waxman
                                                           Attorney for Plaintiff
                                                           Tanisha Solomon